**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

ANDY RAUL CARRILLO,

Plaintiff,

v. Case No. 5:26-cv-192-MW-MJF

TAMPA POLICE DEPARTMENT, *et al.*,

Defendants.
_________________________________/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with a court order, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### BACKGROUND

On June 22, 2026, Plaintiff commenced this civil action in the United States District Court for the Middle District of Florida. Doc. 1. Plaintiff neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. On July 10, 2026, the Middle District transferred this civil action to the United States District Court for the Northern District

of Florida. On July 13, 2026, the clerk of the court docketed the case and sent Plaintiff a "Notice," which states:

> If you have not already paid the filing fee or filed a motion for leave to proceed *in forma pauperis*, you must immediately pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915."); N.D. Fla. Loc. R. 41.1 (authorizing dismissal of a civil action when a party fails to comply with a court rule).

Doc. 7 ¶ 1.

On July 28, 2026, because Plaintiff had not paid the filing fee or moved for leave to proceed *in forma pauperis*, the undersigned ordered Plaintiff to show cause why the case should not be dismissed. Doc. 8. Additionally, the undersigned provided Plaintiff with an opportunity to pay the filing fee or move for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of August 11, 2026, and warned Plaintiff that the failure to comply likely would result in dismissal. *Id.* Plaintiff has not complied with that order.

## DISCUSSION

"The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee" and may collect administrative

fees. 28 U.S.C. § 1914; *see* N.D. Fla. Loc. R. 5.3. A district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Federal courts also "possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Plaintiff has failed to pay the filing fee, failed to comply with a court order, and has failed to prosecute this action. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.
2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 24th day of August 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**